UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-84-R

KEVIN PAUL BUTLER                                                                                    PLAINTIFF

v.

PROGRESSIVE CASUALTY INSURANCE CO.                                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion for Summary Judgment (Dkt. # 15). Plaintiff has responded (Dkt. # 21) and Defendant has replied (Dkt. # 22) and filed a supplement to its reply (Dkt. # 23). For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

Mr. Butler alleges that he was wrongfully discharged in violation of his employment contract with Progressive Casualty Insurance Company ("Progressive"). He also alleged a claim of promissory estoppel and intentional interference with prospective business advantage. Progressive claims that it terminated Mr. Butler's employment because Mr. Butler verbally abused his supervisor, Sharon Bessette.

Mr. Butler, a former insurance claims adjuster, argues that he was terminated in violation of the disciplinary action scheme in Progressive's handbook, also referred to as progressive discipline. He argues that he should have been given one of the following instead of being terminated: 1) verbal warning, 2) written warning, 3) suspension, 4) denied or delayed salary increase, or 5) short-term objectives. Progressive argues that Mr. Butler's conduct was verbal abuse of a supervisor, which

1

is a ground for immediate termination (See Dkt. # 15, Exh. 4). No one disputes the fact that Mr. Butler argued with his supervisor although there is some dispute about whether he used curse words.

Progressive argues that Mr. Butler was an at-will employee and could be terminated at any time. Mr. Butler signed an employment application that stated his employment "is for no definite period and is subject to termination at any time, with or without cause." Additionally, the employment handbook that Mr. Butler received each year stated:

> Nothing contained in this or any other material you receive from Progressive should be viewed as creating a contract of employment. Any person may voluntarily wish to leave Progressive's employ upon giving proper notice. Similarly, Progressive can't guarantee continued employment.

Mr. Butler claims that while he was working for Progressive in Missouri, his supervisors told him that he would have a job with Progressive as long as he did his job. If Mr. Butler did not properly perform his job, his supervisors allegedly told him that he would receive progressive discipline. Mr. Butler transferred to Kentucky and for a short time his supervisor was Robert Reid, but Mr. Reid transferred and Ms. Bessette became his supervisor. Mr. Butler tried to transfer to another Progressive office, but Mr. Butler claims that his efforts were frustrated when Ms. Bessette told the interviewers negative things about him. Ms. Bessette allegedly stated that Mr. Butler had behavior issues, including an attitude problem. Mr. Butler also sent resumes to other employers, but he never received any job offers. Further, he testified that his employment with Progressive had no influence on his choices about his future career path.

## STANDARD

A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are "material" in a summary judgment inquiry only when they could affect the case's outcome under the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Stated differently, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* Furthermore, an issue of material fact is "genuine" only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

### Breach of Contract

Kentucky is at-will employment state meaning that an employer can discharge an employee for any reason including a morally indefensible one. *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky. 1985). "Absent a clear statement not to terminate without cause, the assumption is that the parties intended to enter into an ordinary employment relationship, terminable at the will of either party." *McNutt v. Mediplex of Kentucky, Inc.*, 836 F.Supp. 419, 421 (W.D. Ky. 1993)(citing *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky. 1983)). The employer must state its clear intention to modify the at-will relationship into a for-cause relationship. *Hines v. Elf Atochem N.*

*Am., Inc.*, 813 F. Supp. 550 (W.D. Ky. 1993); *Noel v. Elk Brand Mfg.*, 53 S.W.3d 95, 99 (Ky. Ct. App. 2000). The Kentucky Supreme Court stated that the employee's status of at-will was not changed by an employee handbook when the employee handbook has a disclaimer stating this is not a contract. *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98-99 (Ky. 2000); *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 826-27 (Ky. Ct. App. 1987). See also *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 407-08 (6th Cir. 1997) ("Under Kentucky law, a clear disclaimer defeats an employee's breach of contract claim."). In this case, Mr. Butler received a handbook each year with a disclaimer stating that he was an at-will employee and the handbook was not a contract of employment.

In *McNutt*, the court in this district stated that "[a] reasonable person would not interpret an employer's quote of an annual salary as an offer of employment for one year." *McNutt*, 836 F. Supp. at 421. Similarly, in this case, a reasonable person would not think that an annual contract for employment was made when the employer distributed a new employment handbook each year. Further, the handbook even contained a disclaimer stating that Mr. Butler was an at-will employee and the handbook was not to be construed as a contract for employment. Therefore, Mr. Butler's claim for breach of employment contract is dismissed because Mr. Butler did not have an employment contract.

**Wrongful Discharge**

There are three exceptions to the at-will employment doctrine in Kentucky:

> 1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.
>
> 2) That policy must be evidenced by a constitutional or statutory provision.
>
> 3) The decision whether the public policy asserted meets these criteria is a question

of law for the court to decide, not a question of fact.

*Grzyb*, 700 S.W.2d at 401. However, there are two additional situations that are not explicitly prohibited by statute where the discharge is against public policy and actionable. *Id.* at 402. "First, 'where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment.' Second, 'when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment.'" *Id*.

"However, when the termination violates a public policy clearly defined by statute, the at-will employee may file a wrongful discharge claim. This at-will exception does not apply when the statute creating the public policy exception provides the structure for pursuing a claim." *Hines v. Elf Atochem North Am., Inc.*, 813 F. Supp. 550, 552 (W.D. Ky. 1993). See also *Grzyb*, 700 S.W.2d at 401-02. Mr. Butler has not alleged that Progressive violated any statute or public policy.

**Tortious inference with prospective business relations**

In *Nat'l Collegiate Athletic Ass'n v. Hornung*, 754 S.W.2d 855 (Ky. 1988), the Kentucky Supreme Court adopted sections 766B, 767 and 773 of the Restatement 2d of Torts. *Id.* at 857.

> The Restatement 2d of Torts § 766B states:
>
> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
> (b) preventing the other from acquiring or continuing the prospective relation.

*Id*.

> The Restatement 2d of Torts § 767 states:

5

> In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following factors:
> (a) the nature of the actor's conduct,
> (b) the actor's motive,
> (c) the interests of the other with which the actor's conduct interferes,
> (d) the interests sought to be advanced by the actor,
> (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
> (f) the proximity or remoteness of the actor's conduct to the interference and
> (g) the relations between the parties.

*Id.* Of these factors, the motive and the means have been considered the most important factors. *See Hornung,* 754 S.W.2d at 859. Turning to motive, a defendant's malice can be inferred when the defendant lacks proof of a justification for its action. *Id.* If the defendant has a "legitimate interest to protect," the defendant may have a motive of spite and still not be liable. *Id.*

In *McCarthy v. KFC Corp.*, 607 F. Supp. 343 (W.D. Ky. 1985), another court in this district held that acts of the employee-agents were the same as acts of the corporation so the employee-agents could not interfere with the relationship between the corporation and another employee. *Id.* at 345. *See also Leary v. Daeschner*, 186 F. Supp. 2d 774, 776-77 (W.D. Ky. 2001). Here the only parties to this lawsuit are Mr. Butler and Progressive. Naturally, the cause of action would be that Progressive is the one who interfered with Mr. Butler's business relations with another party. However, Mr. Butler has not named who the other party is. On the other hand, Mr. Butler also seems to be alleging that Ms. Bessette interfered with his relationship with Progressive but Ms. Bessette is not a party to this lawsuit and she is an agent of Progressive. Again there is no third-party because Ms. Bessette as agent for Progressive would not be considered a third-party to Mr. Butler's relationship to Progressive. Therefore, Mr. Butler's claim must be dismissed because there is no third

party.

**Promissory estoppel**

Promissory estoppel is "(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise." *Bergman v. Baptist Hosp. Sys., Inc.*, 344 F. Supp. 2d 998, 1003 (W.D. Ky. 2004). *See also McCarthy v. Louisville Cartage Co.*, 796 S.W.2d 10, 11 (Ky. Ct. App. 1990). Additionally, the reliance must be justified. *FS Invs., Inc. v. Asset Guar. Ins. Co.*, 196 F. Supp. 2d 491 (E.D. Ky. 2002)(citing *McCarthy*, 796 S.W.2d at 12-13). Further, "a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing...." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 640-41 (Ky. Ct. App. 2003). Here Mr. Butler cannot rely on his supervisors' statements that he would have a job as long as he did his job, or he would receive progressive discipline before termination. These statements are a direct contradiction of the company's written materials stating that he was an at-will employee, included in these materials is the handbook he received annually. Mr. Butler argues that he relied on this statement and it presumably kept him employed with Progressive. Mr. Butler, however, cannot show that he relied on this statement to his detriment because he continued looking for jobs outside the company even though he did not get any offers of other employment. Further, Mr. Butler's reliance on this statement was not justified because all of the written material stated that he was an at-will employee. Therefore, Mr. Butler has no cause of action for promissory estoppel.

**Discovery**

Mr. Butler claims that the Motion for Summary Judgment was premature because discovery had not closed. "A party who opposes a motion for summary judgment by seeking additional discovery under Rule 56(f), however, 'has no absolute right to additional time for discovery.... The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment.'" *Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003). Mr. Butler has not given any reasons for needing additional discovery under Rule 56(f). Therefore, this court finds additional discovery unnecessary.

## CONCLUSION

The Motion for Summary Judgment is **GRANTED**. This case is dismissed in its entirety.